160 So. 902

## MYERS v. STATE.
4 Div. 159.

Court of Appeals of Alabama.
April 16, 1935.

J. A. Mulkey and E. C. Boswell, both of Geneva, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Upon examination of this record, we find about seven pages of the transcript devoted to the drawing, impaneling, and listing of the juries, both grand jury and petit juries. On this appeal no question is raised in respect to the regularity of either the grand jury who returned the indictment or the petit juries in attendance upon the court at the term when the trial of this case was had. Where this is true, there is no necessity for the record or bill of exceptions to contain the organization of the grand jury which found the indictment; nor the organization of the regular or special (in capital cases) juries for the week or term at which the case was tried. The practice of making up a transcript in this manner entails much useless work, is a waste of time and labor and stationery, and for which no fees or other compensation is provided by law. Section 3249 of the Code 1923 expressly provides that transcripts on appeal must not contain mere orders of continuances, nor the organization of the grand jury which found the indictment, nor the venire for any grand or petit jury, nor the organization of the regular juries for the week or term at which the case was tried, nor the order of the court for a special venire, or fixing a day for the trial of the defendant, unless some question thereon was raised before the trial court; but, in the absence of any such question, such proceedings are, upon appeal, presumed to have been regular and legal. Likewise Supreme Court rule 27 (4th vol. Code 1923, p. 888) provides: .

"Unless some particular question is raised in respect thereto and decided in the primary court, the transcript, whether in a civil or criminal appeal, shall not contain in any instance: (a) subpoenas or summons for any witness, or for any defendant where there is an appearance for such defendant; (b) orders of continuance; (c) commission to examine a witness or certificate of a commissioner to a deposition or affidavit made to obtain such commission. And in criminal cases the transcript shall not contain the organization of the grand jury which found the indictment, nor the venire, special (in a capital case) or general, for any grand or petit jury, nor the organization of regular juries for the week or term at which the case was tried, nor the order of the court for service of the copy of the venire or indictment upon the defendant or the sheriff's return to said order, unless some question thereon was raised before the trial court and there decided."

Special attention to the foregoing is directed to the clerks of all inferior courts or other persons whose duties require the making of transcripts on appeals to the appellate courts of this state.

This appeal is from a judgment of conviction pronounced and entered against appellant in accordance with the verdict of the jury which found her guilty as charged in count 3 of the indictment, wherein she, together with several others, was charged with a violation of section 4912 of the Code 1923, which makes it an offense for any person to buy, receive, conceal, or aid in concealing, any personal property whatever, knowing that it has been stolen, or having reasonable grounds for believing that it has been stolen, and not having the intent to restore it to the owner, etc. In this case the amount of the property alleged to have been stolen, being of the value of $25 or more, constituted the offense a felony. The court sentenced the appellant to serve an indeterminate term of imprisonment in the penitentiary.

Upon the trial of this case in the court below, numerous exceptions were reserved to the court's rulings on the admission of the evidence. However, on this appeal the principal insistence of error is to the effect that

the conviction of appellant was had upon the testimony of accomplices only, and that no other evidence was adduced which tended to connect this appellant (defendant) with the commission of the offense.

As stated, defendant was convicted of felony, and, under the provisions of section 5635 of the Code 1923, in order to secure a conviction of felony, other evidence tending to connect the defendant with the commission of the offense must have been adduced upon the trial of this case, for the reason a conviction of felony cannot be had on the uncorroborated testimony of accomplices only.

The entire evidence in this case has been read and carefully considered, and, as no evidence, other than that of the accomplices, was offered which tended to connect the defendant with the commission of the offense, her conviction therefor cannot be sustained. The trial court should have so held. For the error indicated, the judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.